## JOSEPHINE KATULA
### vs.
## JOSEPH PARADIS

Superior Court  New London County  File #10482

Present: Hon. ALLYN L. BROWN, Judge.

George C. Morgan,    Attorney for the Plaintiff.

Thomas Shields,     Attorney for the Defendant.

### MEMORANDUM FILED MARCH 22, 1935

BROWN, J.  This is an action for the partition of land in Montville, of which the plaintiff is the owner of one undivided one-half, and the defendants are the owners of the other undivided one-half.  All of the parties join in asking for a decree of partition by sale.  The principal disputed question in the case is as to the effect upon the respective interests of the parties, the execution of the lease **Exhibit A** in evidence and the construction of certain buildings on the land in reliance thereon, has.  This gives rise to three possible questions:  (1) Was this lease valid and binding upon the parties named therein?  If so, (2) What is the effect of it as to buildings constructed on the land during the term? And (3) What is the present value of any such buildings, of which title remained in the builder thereunder?

As to the first question, it is my conclusion that the lease was valid and binding upon the plaintiff and her husband as lessors, and the defendant Joseph Paradis as lessee.  Subsequent to its execution on March 9, 1929 the undivided one half interest of the plaintiff's husband Peter passed on December 17, 1931 by quit claim deed, **Exhibit I**, in evidence, to the defendants.  While the evidence as to the plaintiff's execution of **Exhibit A** discloses that it was  to put it mildly, irregular, the witnesses to the plaintiff's signature and the Notary certifying to her acknowledgment, apparently having signed before she actually signed the paper, in anticipation of her subsequent signing and acknowledgment by telephone, I conclude that it was sufficient.  The evidence further indicates that the plaintiff's husband Peter resorted to vigorous methods of persuasion, bordering almost upon coercion, to

get her to sign. I find that these fell short of what the law defines as duress, however, and that her signature was effective, making the lease valid and binding upon the parties thereto. Her subsequent acceptance of rent thereunder after she was unquestionably fully conversant with the entire situation confirms this conclusion.

As to the second question, upon all of the evidence I construe the lease Exhibit A to mean that: the lessee during the term was to have the right to alter or add to any building then standing on the place, with the exception of the main house, and any alterations or additions so made were to become and remain a part of the land leased; the lessee during the term was to have the right to erect other buildings on the land independent of any already existing, and title to any buildings so erected was to remain in the lessee; and the lessors were to have the right to erect a small house at a location designated upon the place, which was to become and remain a part of the land. These provisions as to the alteration and construction of buildings were made by the parties in contemplation of the lessee's option in the lease to purchase the property at any time during the term at the agreed price of $3,200.

As to the third question, of the six buildings upon which the defendants made expenditures, one was an addition to the barn, and another was an addition to an existing chicken coop. Title to the alterations and additions to these two structures became a part of the land by the terms of the lease as above construed. Of the other four buildings one was a chicken coop which the defendants bought for $25. and paid $35. to have moved onto the place.

Of the other three, two were one-story chicken coops, one longer than the other, but both of the cheapest wooden construction with thin cement floors, without proper foundation. Though these may have cost from $300. to $450. to build three years ago, the evidence indicates a very substantial depreciation in the value thereof as of the time of trial. The remaining building is a two-story structure of cheap wood construction with a cellar under part of it, upon the excavation and building of which the defendants apparently expended a sum out of all proportion to the value of the same to the property. I find the present aggregate value of these four buildings, title to which by the terms of the lease as above construed remained in the defendant lessee, to be $750. This is the amount by which their erection has enhanced the value

of the property.

Judgment is ordered for a partition by sale upon the plaintiff's complaint, and the sum of $750. of the proceeds shall be allowed the defendants under their cross complaint for said enhancement, and the balance thereof after the plaintiff's taxable costs have been paid therefrom, divided equally between the plaintiff on the one hand, and the defendants on the other. Counsel may submit a proposed form of decree embodying the above provision and conditions necessary to carrying through the sale.